**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARILYN GERSHOFF,
                        Plaintiff,

          - against -

STOP & SHOP SUPERMARKET
COMPANY, LLC,
                        Defendant.
-----------------------------------------------------------X

**ORDER**

CV 06-2262 (FB) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Marilyn Gershoff ("Gershoff") filed this personal injury action against defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop") in the Supreme Court of the State of New York, County of Kings, on March 30, 2006.[1] *See* Docket Entry ("DE") 1 (including Notice of Removal ("Notice"), Summons, Verified Complaint ("Complaint"), Verified Answer, and Stop & Shop's demand for interrogatories and notice of deposition). On May 16, 2006, Stop & Shop filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Stop & Shop has not satisfied its burden of establishing that this court has original jurisdiction, and in particular has failed to sufficiently demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

---

[1] The Summons creates some uncertainty as to the date on which this case was actually filed. While the Summons is dated March 7, 2005, the same document contains a handwritten notation that the index number was purchased on March 30, 2006. The actual index number reflects a 2006 filing date, which is further corroborated by the defendants' assertion that it first received the Summons and Complaint on April 18, 2006. *See* Notice ¶ 2. For present purposes, I assume that the case was filed on March 30, 2006.

A. Removal Procedures Generally

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Proctor & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

B. The Effects Of New York's Procedural Law On Removal To Federal Court

Gershoff's complaint does not specify the amount of damages she seeks, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, her complaint generally describes the injuries Gershoff claims to have sustained and alleges only that the resulting

2

damages exceed the relevant jurisdictional limit of the lower courts. *See* Complaint ¶¶ 12, 15-16. That jurisdictional requirement is no more than $25,000. *See* N.Y. Const., art. VI.

In her most specific description of the injuries she sustained after the negligence she attributes to the defendant caused her to "slip and/or trip" at Stop & Shop's Brooklyn store, Gershoff asserts that she

> was caused to sustain serious injuries and to have suffered pain, shock, [and] mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries [Gershoff] has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, [Gershoff] was, and will continue to be, rendered unable to perform [her] normal activities and duties and has sustained a resultant loss therefrom.

Complaint ¶ 15. Although I can infer from the latter description that Gershoff will seek substantial damages if she establishes Stop & Shop's liability, I cannot conclude from her boilerplate allegations that such damages will necessarily exceed $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504 at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-106 (2d Cir. 2001))).

Stop & Shop appears to be similarly stumped as to the amount in controversy. Its Notice provides no additional detail about the specific damages sought; it merely makes the conclusory – and facially insufficient – assertion that Gershoff "ha[s] made a claim in an amount in excess of the jurisdiction of all lower courts." Notice ¶ 4. This assertion simply mirrors that in Gershoff's complaint, which, as previously discussed, merely establishes that Gershoff's claim is for more than $25,000. Such a pleading cannot satisfy the removing party's burden to establish the amount in controversy. *See DeMarco*, 2006 WL 463504 at *2 (citing *United Food & Commercial*

*Workers Union*, 30 F.3d at 304-305). As there is no other evidence in the record, Stop & Shop has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

Stop & Shop is not without recourse. The same state law provision that prohibited Gershoff from including an allegation in her complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Stop & Shop can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504 at *2 (citing *Whitaker*, 2004 WL 1574663 at *2).

Nor is Stop & Shop prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504 at *2 (citing Whitaker, 2004 WL 1574663 at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of

$75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See DeMarco*, 2006 WL 463504 at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, *3 (S.D.N.Y. July 6, 2005).

      C.      The Propriety Of Summary Remand

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring Stop & Shop to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Stop & Shop will need to find out the extent of the damages that Gershoff claims to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If it learns that Gershoff seeks damages in excess of $75,000, Stop & Shop may return the case to this court and Gershoff will have to bear the burdens associated with that removal. On the other hand, if it turns out to be the case that Gershoff does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that was never properly before it. *DeMarco*, 2006 WL 463504 at *3.

Finally, assuming that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the

requisite authority to enter an order of remand.  *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

D.  Conclusion

For the reasons set forth above, I order that this case be remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Dated: Brooklyn, New York
May 18, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge